UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLEFUSE, INC.,

        Plaintiff,                          Case No. 12-cv-14957
                                           HON. BERNARD A. FRIEDMAN

vs.

PACIFIC ENGINEERING CORP., et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court are plaintiff's motions for reconsideration [docket entries 23 and 26] of the Court's orders dated June 21, 2013 and July 2, 2013 [docket entries 21 and 24]. The orders respectively granted the separate motions of PEC of America Corp. and Pacific Engineering Corp. to dismiss the complaint [docket entries 11 and 19]. Local Rule 7.1(h)(3) governs the standard for determining motions for reconsideration. It provides:

> **Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff argues that the aforementioned orders suffer from several palpable defects, namely: 1) the Court improperly dismissed plaintiff's direct patent infringement claim, on the ground that it failed to allege whether plaintiff notified defendants of their infringing conduct,

-1-

because defendants never moved to dismiss this claim; 2) the Court mistakenly held that notice of infringement is an element of a direct infringement claim; 3) the Court overlooked caselaw from the Federal Circuit holding that the complaint itself provides requisite notice of infringement; 4) the Court should have found that plaintiff's complaint from a prior action against defendants constituted sufficient notice of infringement and 5) the Court's disposition of the indirect patent infringement claims are entirely premised on its misguided analysis of the direct infringement action.  Alternatively, plaintiff requests leave to amend its complaint to allege that defendants received notice of infringement by way of the prior complaint.

        As a preliminary matter, the orders properly addressed whether plaintiff sufficiently alleged a direct infringement claim.  Regardless of whether a complaint alleges direct infringement or indirect infringement claims, it must contain an averment that plaintiff notified defendants of their infringement.  In this case, once defendants moved to dismiss the complaint on the ground that it did not contain such an averment, the Court was compelled to decide that issue as it applied to the direct and indirect infringement claims alleged in the complaint.  This is because the doctrine of law-of-the-case requires that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." Rouse v. DaimlerChrysler Corp., 300 F.3d 711, 715 (6th Cir. 2002).  Otherwise, the parties would be faced with inconsistent rulings concerning whether the complaint adequately pled notice of infringement.

        With respect to the merits of the direct infringement claim, notice of infringement is an element of the cause of action.  Contrary to plaintiff's contention, the Federal Circuit has made clear that, "[d]istrict courts must evaluate complaints alleging direct infringement by reference to

Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure." K-Tech
Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1279 (Fed. Cir. 2013). And Form
18 requires that a complaint contain "a statement that the plaintiff has given the defendant notice
of its infringement." In re Bill of Lading Transmission and System Patent Litigation, 681 F.3d
1323, 1334 (2012) *quoting* McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007).

Plaintiff's assertion that the instant complaint can serve as written notice under Form 18
also lacks merit. The language of Form 18 specifically contemplates that plaintiff afford
defendants notice of their infringement *before* filing the complaint. Paragraph 4 of Form 18
provides that a sufficient pleading must contain a statement that, "[t]he plaintiff. . . *has given* the
defendant written notice of the infringement" (emphasis added). The usage of the past tense
indicates that notice of infringement must, in fact, precede the complaint in which such a
statement appears. Furthermore, plaintiff's interpretation of Form 18 would render the notice of
infringement element completely superfluous as any plaintiff could satisfy this requirement by
merely filing suit.

To the extent plaintiff cites K-Tech for the proposition that the complaint can serve as
notice of infringement, its reliance is misplaced. In plaintiff's brief, counsel splices a quotation
from footnote 3 of the K-Tech opinion to support plaintiff's theory. The quotation reads, "we
find no question - that K-Tech's First Amended Complaints contain. . . written notice of
infringement by way of the complaints (except to the extent that the defendants contend that the
complaints insufficiently describe the allegedly infringing activity)." Pltf Br. at 8. Quoting from
the opinion in its entirety, the Federal Circuit actually said:

> "*Neither party contests*—and we find no question—that K-Tech's First Amended
> Complaints contain an allegation of jurisdiction, an assertion of ownership, a

       demand for an injunction and damages, and written notice of infringement by way
       of the complaints (except to the extent that the defendants contend that the
       complaints insufficiently describe the allegedly infringing activity)."

K-Tech, 714 F.3d at 1285 n.3 (emphasis added).  Although the opinion's language is cryptic, it is clear that neither of the parties disputed whether the amended complaints could serve as written notice of infringement and, moreover, the Federal Circuit did not pass on the issue.  Rather, a more accurate reading of the opinion indicates that the Federal Circuit examined the pleadings and found that the plaintiff had, in fact, alleged that the amended complaints constituted written notice of infringement, without ever considering whether that averment was satisfactory. This a far cry from the sweeping statement of law that plaintiff's counsel would have the Court believe.

       Finally, the prior complaint (which plaintiff voluntarily dismissed) cannot serve as notice of infringement in the current action as this would permit plaintiff to rehabilitate its initial deficient pleading by simply dismissing the suit and recommencing another action under the same set of facts.  Nor will the Court grant plaintiff leave to amend its complaint on this ground because such an amendment would be futile. See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000); Hoagland v. University of Michigan, No. 12-13756, 2012 U.S. Dist. LEXIS 178573, at *7 (E.D. Mich. Dec. 18, 2012) (stating that "[a]n amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6)").

Accordingly,

IT IS ORDERED that plaintiff's motions for reconsideration or, in the alternative, for leave to file an amended complaint is denied.

Dated: August 7, 2013                    s/ Bernard A. Friedman_____
       Detroit, Michigan                 BERNARD A. FRIEDMAN
                                         SENIOR UNITED STATES DISTRICT JUDGE